IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**DOUGLAS WALKER,**

    **Plaintiff,**

**vs.**                                                            **1:09cv98-SPM/AK**

**DAVID ELLIS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed the motion for temporary restraining order (docs. 1 and 2) in his habeas case, No. 5:08cv252-RS/AK, which was referred to the Clerk's Office to be treated as an initiating document for a new case since it raised issues of denial of medical care which is a civil rights issue.  Plaintiff did not submit a filing fee nor a motion for leave to proceed in forma pauperis with his "motion."

The Prison Litigation Reform Act of 1995 (PLRA), which was enacted on April 26, 1996, provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had *at least* three or more prior prisoner actions dismissed in the Northern District of Florida on the grounds that they were frivolous, malicious, or failed to state a claim.  The dismissed cases include cases numbered 5:95cv50057 (dismissed for abuse of process); 5:95cv50059 (dismissed for abuse of process): 5:95cv50220 (dismissed for abuse of process); 4:97cv376 (dismissed as frivolous); 5:97cv251 (dismissed for not being truthful on the complaint form).  Such cases fall within the category of failure to state a claim upon which relief may be granted. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)("[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).").  Whether or not cases were dismissed as frivolous prior to the enactment of the PLRA is irrelevant.  *See* Wilson v. Yaklich, 148 F.3d 596, 602-06 (6th Cir. 1998), *accord* Rivera, 144. F.3d at 723-30.

The instant motion alleges a laundry list of alleged violations: denial of medical care, denial of due process, confiscation of property, but there are no allegations that would necessarily place him in jeopardy of serious physical injury in the future.  Thus, his allegations do not bring him within the "imminent danger" exception.

Because Plaintiff has had at least three prior dismissals and is not under imminent danger of serious physical injury, he may not proceed *in forma pauperis.* The Eleventh Circuit Court of Appeals has clarified that the proper procedure in such a situation is not to give the inmate time in which to pay the fee, rather dismissal is required if a "three striker" does not pay the filing fee at the time he submits the

2

complaint. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002). Thus, this case must be dismissed under 28 U.S.C. § 1915(g). The dismissal should be without prejudice to him making the same allegations in a complaint for which he pays the full $350.00 filing fee at the time of filing the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for TRO, doc. 1, be **DENIED, and this cause DISMISSED without prejudice.**

**IN CHAMBERS** at Gainesville, Florida, this  **16**$^{th}$  day of April, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**